**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**Case No.:**

SHAREL PIZARRO,

    **Plaintiff,**                                                                 **COMPLAINT**

v.

**EQUIFAX INFORMATION SERVICES, LLC,**
**EXPERIAN INFORMATION SOLUTIONS,**
**INC, and TRANS UNION LLC**

                                              **DEMAND FOR JURY TRIAL**

    **Defendant.**
_____/

## COMPLAINT

Plaintiff, Sharel Pizarro ("Plaintiff"), by and through counsel, files this Complaint against Defendant Equifax Information Services, LLC, ("Defendant Equifax" or "Equifax"), Defendant Experian Information Solutions Inc, ("Defendant Experian" or "Experian"), and Defendant Trans Union LLC, ("Defendant Trans Union" or "Trans Union"), pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq.* ("FCRA").

### JURISDICTION AND VENUE

1.    Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2.    Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

### DEMAND FOR JURY TRIAL

3.    Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## PARTIES

4.      Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

5.      Defendant Equifax is a Georgia limited liability company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301. Equifax is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

6.      Defendant Experian is an Ohio corporation whose registered agent in Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324. Experian is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

7.      Defendant Trans Union is an Illinois corporation whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301. Trans Union is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

## GENERAL ALLEGATIONS

8.      This action involves derogatory and inaccurate reporting of a United States Department of Education Account ending in *0180 (the "Account") attributed to the Plaintiff by the Credit Reporting Agencies, Equifax Information Services LLC, Experian Information Solutions Inc, and Trans Union LLC.

9.      The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies. The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

10.     Plaintiff has only one United States Department of Education Account which she is currently paying. The account ends in *0210.

11.     Plaintiff never took out the Account ending *0180 which currently reflects a balance of $31,105.

12.     In or around December 2023, Plaintiff called the Department of Education to determine where the loan had originated, and the Department was unable to verify that she took out the loan as they could not locate the signature on the loan document.

13.     In or around December 2023, Plaintiff requested a copy of her credit report from Defendant Equifax. The Equifax report listed the Account which does not belong to her.

14.     In or around December 2023, Plaintiff submitted a dispute to Defendant Equifax because the Equifax report was showing the Account, which did not belong to her.

15.     In or around December 2023, Defendant Equifax verified the Account as accurate despite receiving evidence from Plaintiff that the Account did not belong to her and should not be on her Equifax Report.

16.     As of the filing of this complaint, Defendant Equifax is still reporting the Account on Plaintiff's Equifax report.

17.     In or around December 2023, Plaintiff requested a copy of her credit report from Defendant Experian. The Experian report listed the Account which does not belong to her.

18.     In or around December 2023, Plaintiff submitted a dispute to Defendant Experian because the Experian report was showing the Account, which did not belong to her.

19.     In or around December 2023, Defendant Experian verified the Account as accurate despite receiving evidence from Plaintiff that the Account did not belong to her and should not be on her Experian Report.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

20.     As of the filing of this complaint, Defendant Experian is still reporting the Account on Plaintiff's Experian report.

21.     In or around December 2023, Plaintiff requested a copy of her credit report from Defendant Trans Union. The Trans Union report listed the Account which does not belong to her.

22.     In or around December 2023, Plaintiff submitted a dispute to Defendant Trans Union because the Trans Union report was showing the Account, which did not belong to her.

23.     In or around December 2023, Defendant Trans Union verified the Account as accurate despite receiving evidence from Plaintiff that the Account did not belong to her and should not be on her Trans Union Report.

24.     As of the filing of this complaint, Defendant Trans Union is still reporting the Account on Plaintiff's Trans Union report.

## COUNT 1
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Equifax)

25.     Plaintiff incorporates by reference paragraphs ¶¶ 1-5 and 8-16 of this Complaint.

26.     Defendant Equifax prepared and issued consumer credit reports concerning Plaintiff which previously included the inaccurate and derogatory reporting of the Account with Defendant Equifax and continues to include the same inaccurate and derogatory information concerning reporting of the Account.

27.     In or around December of 2023, Plaintiff checked her credit report and noticed that there were inaccurate reports from Defendant Equifax. Therefore, in or around December of 2023, Plaintiff disputed this inaccurate and derogatory information to Equifax.

28.     Despite Equifax having been put on notice of the inaccurate and derogatory reporting, Equifax did not remove the inaccurate reporting of the Account from Plaintiff's Equifax

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

report.

29.    As of the filing of this complaint, the derogatory and inaccurate information about the Account is still listed on Plaintiff's Equifax credit report.

30.    Equifax is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant Equifax regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

31.    Equifax is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

32.    Despite Defendant Equifax having received Plaintiff's dispute of the inaccurate information regarding the Account, Equifax continues to report the Account.

33.    Continuing to report the status of the Account in this fashion is significant.

34.    By continuing to report the status of the Account in this fashion, lenders believe Plaintiff has taken an installment loan that she did not;  reflecting on Plaintiff's creditworthiness by impacting her credit score negatively.

35.    Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

36.    Equifax failed to conduct a reasonable investigation and reinvestigation.

37.    Equifax failed to review and consider all relevant information submitted by Plaintiff.

38.    Equifax failed to conduct an independent investigation and, instead, deferred to the furnisher of the Account, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's dispute.

39.    Equifax possessed evidence that the information was inaccurate as described by

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Plaintiff in the Dispute; however, Equifax failed to correct the information.

40.     Equifax's reporting of inaccurate information about the Account, which is the subject of the Dispute, despite evidence that said information is inaccurate, demonstrates Equifax's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

41.     Equifax did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from the furnisher of the Account despite being in possession of evidence that the information was inaccurate.

42.     Without any explanation or reason, Equifax continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

43.     Plaintiff has suffered damages as a result of the incorrect reporting and Equifax's failure to correct the credit report pertaining to Plaintiff.

44.     On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

45.     Equifax failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's disputes of the information contained in Plaintiff's Equifax credit report.

46.     Equifax's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

47.     Equifax has willfully and recklessly failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Equifax had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised  by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that  Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information  that was found to be inaccurate, or could not be verified, or that the source of information had  advised Equifax to delete; and [h] the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

48.     The conduct, action and inaction of Equifax was willful, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

49.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

50.     The appearance of the accounts on Plaintiff's credit report, namely, the accounts identified by Plaintiff in Plaintiff's dispute to Equifax, was the direct and proximate result of Equifax's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

51.     As a result of the conduct, action, and inaction, of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

52.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

## COUNT 2
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (Against Defendant Equifax)

53.     Plaintiff incorporates by reference paragraphs ¶¶ 1-5, 8-16, and 25-52 of this Complaint.

54.     On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

55.     On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed Information.

56.     On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

57.     Additionally, Equifax negligently failed to report the accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

58.     Equifax has negligently failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Equifax had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; and [h] the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

59.     The conduct, action, and inaction, of Equifax was negligent, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

60.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

61.     As a result of the conduct, action, and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

62.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

**COUNT 3**
**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant Experian)

63.     Plaintiff incorporates by reference paragraphs ¶¶ 1-4, 6, 8-12, and 17-20 of this Complaint.

64.     Defendant Experian prepared and issued consumer credit reports concerning Plaintiff which previously included the inaccurate and derogatory reporting of the Account with Defendant Experian and continues to include the same inaccurate and derogatory information concerning reporting of the Account.

65.     In or around December of 2023, Plaintiff checked her credit report and noticed that there were inaccurate reports from Defendant Experian. Therefore, in or around December of 2023, Plaintiff disputed this inaccurate and derogatory information to Experian.

66.     Despite Experian having been put on notice of the inaccurate and derogatory reporting, Experian did not remove the inaccurate reporting of the Account from Plaintiff's Experian report.

67.     As of the filing of this complaint, the derogatory and inaccurate information about the Account is still listed on Plaintiff's Experian credit report.

68.     Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant Experian regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

69.     Experian is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

70.     Despite Defendant Experian having received Plaintiff's dispute of the inaccurate information regarding the Account, Experian continues to report the Account.

71.     Continuing to report the status of the Account in this fashion is significant.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

72.     By continuing to report the status of the Account in this fashion, lenders believe Plaintiff has taken an installment loan that she did not; reflecting on Plaintiff's creditworthiness by impacting her credit score negatively.

73.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

74.     Experian failed to conduct a reasonable investigation and reinvestigation.

75.     Experian failed to review and consider all relevant information submitted by Plaintiff.

76.     Experian failed to conduct an independent investigation and, instead, deferred to the furnisher of the Account, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's dispute.

77.     Experian possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Experian failed to correct the information.

78.     Experian's reporting of inaccurate information about the Account, which is the subject of the Dispute, despite evidence that said information is inaccurate, demonstrates Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

79.     Experian did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from the furnisher of the Account despite being in possession of evidence that the information was inaccurate.

80.     Without any explanation or reason, Experian continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

81.     Plaintiff has suffered damages as a result of the incorrect reporting and Experian's

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

failure to correct the credit report pertaining to Plaintiff.

82.    On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

83.    Experian failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's disputes of the information contained in Plaintiff's Experian credit report.

84.    Experian's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

85.    Experian has willfully and recklessly failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

86.    The conduct, action and inaction of Experian was willful, thereby rendering

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

87.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

88.     The appearance of the accounts on Plaintiff's credit report, namely, the accounts identified by Plaintiff in Plaintiff's dispute to Experian, was the direct and proximate result of Experian's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

89.     As a result of the conduct, action, and inaction, of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

90.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

## COUNT 4
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Experian)

91.     Plaintiff incorporates by reference paragraphs ¶¶ 1-4, 6, 8-12, 17-20, and 63-90 of this Complaint.

92.     On at least one occasion within the past year, by example only and without

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301  |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

limitation, Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

93.     On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed Information.

94.     On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

95.     Additionally, Experian negligently failed to report the accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

96.     Experian has negligently failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

97.     The conduct, action, and inaction, of Experian was negligent, thereby rendering

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

98.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

99.     As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

100.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 5**
**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant Trans Union)

101.    Plaintiff incorporates by reference paragraphs ¶¶ 1-4, 7, 8-12, and 21-24 of this Complaint.

102.    Defendant Trans Union prepared and issued consumer credit reports concerning Plaintiff which previously included the inaccurate and derogatory reporting of the Account with Defendant Trans Union and continues to include the same inaccurate and derogatory information concerning reporting of the Account.

103.    In or around December of 2023, Plaintiff checked her credit report and noticed that there were inaccurate reports from Defendant Trans Union. Therefore, in or around December of 2023, Plaintiff disputed this inaccurate and derogatory information to Trans Union.

104.    Despite Trans Union having been put on notice of the inaccurate and derogatory reporting, Trans Union did not remove the inaccurate reporting of the Account from Plaintiff's

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Trans Union report.

105.    As of the filing of this complaint, the derogatory and inaccurate information about the Account is still listed on Plaintiff's Trans Union credit report.

106.    Trans Union is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant Trans Union regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

107.    Trans Union is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

108.    Despite Defendant Trans Union having received Plaintiff's dispute of the inaccurate information regarding the Account, Trans Union continues to report the Account.

109.    Continuing to report the status of the Account in this fashion is significant.

110.    By continuing to report the status of the Account in this fashion, lenders believe Plaintiff has taken an installment loan that she did not; reflecting on Plaintiff's creditworthiness by impacting her credit score negatively.

111.    Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

112.    Trans Union failed to conduct a reasonable investigation and reinvestigation.

113.    Trans Union failed to review and consider all relevant information submitted by Plaintiff.

114.    Trans Union failed to conduct an independent investigation and, instead, deferred to the furnisher of the Account, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's dispute.

115.    Trans Union possessed evidence that the information was inaccurate as described

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

by Plaintiff in the Dispute; however, Trans Union failed to correct the information.

116.    Trans Union's reporting of inaccurate information about the Account, which is the subject of the Dispute, despite evidence that said information is inaccurate, demonstrates Trans Union's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

117.    Trans Union did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from the furnisher of the Account despite being in possession of evidence that the information was inaccurate.

118.    Without any explanation or reason, Trans Union continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

119.    Plaintiff has suffered damages as a result of the incorrect reporting and Trans Union's failure to correct the credit report pertaining to Plaintiff.

120.    On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

121.    Trans Union failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's disputes of the information contained in Plaintiff's Trans Union credit report.

122.    Trans Union's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

123.    Trans Union has willfully and recklessly failed to comply with the FCRA. The failures of Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure  to follow reasonable procedures to assure the maximum possible accuracy of the

information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Trans Union had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete; and [h] the failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

124.    The conduct, action and inaction of Trans Union was willful, thereby rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

125.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

126.    The appearance of the accounts on Plaintiff's credit report, namely, the accounts identified by Plaintiff in Plaintiff's dispute to Trans Union, was the direct and proximate result of Trans Union's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

127.    As a result of the conduct, action, and inaction, of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

128.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Trans Union, awarding Plaintiff the following relief: [1] actual damages

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

## COUNT 6
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Trans Union)

129.    Plaintiff incorporates by reference paragraphs ¶¶ 1-4, 7, 8-12, 21-24, and 101-128 of this Complaint.

130.    On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

131.    On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed Information.

132.    On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

133.    Additionally, Trans Union negligently failed to report the accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

134.    Trans Union has negligently failed to comply with the FCRA. The failures of Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow  reasonable procedures to assure the maximum possible accuracy of the information

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301  |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

reported; [b]  the failure to correct erroneous personal information regarding Plaintiff after a reasonable request  by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit  information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately  investigate information which Trans Union had notice was inaccurate; [e] the continual placement of  inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the  information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the  accuracy of the information; [g] the failure to promptly delete information that was found to be  inaccurate, or could not be verified, or that the source of information had advised Trans Union to  delete; and [h] the failure to take adequate steps to verify information Trans Union had reason to  believe was inaccurate before including it in the credit report of the consumer.

135.    The conduct, action, and inaction, of Trans Union was negligent, thereby rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

136.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

137.    As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

138.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Dated: December 29, 2023

Respectfully Submitted,

 /s/ Jennifer G. Simil
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
**JENNIFER G. SIMIL, ESQ.**
Florida Bar No.: 1018195
E-mail:    jen@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136
Fax: 855-529-9540

*COUNSEL FOR PLAINTIFF*

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com